IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| PHARMACISTS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:09cv741-MHT (WO) |
| GODBEE MEDICAL DISTRIBUTORS, INC. and CHRISTY CAUDLE, | ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

Relying on the Declaratory Judgment Act, 28 U.S.C.
§ 2201(a), plaintiff Pharmacists Mutual Insurance Company
brings this federal lawsuit against defendants Godbee
Medical Distributors, Inc. and Christy Caudle, seeking a
declaration as to whether it is obligated to defend and
indemnify Godbee Medical with regard to a state lawsuit
brought by Caudle against Godbee Medical.  Jurisdiction
is proper pursuant to 28 U.S.C. § 1332 (diversity).

This case is now before the court on Pharmacists
Mutual's motion for a summary judgment declaring that it

is not obligated to defend and indemnify Godbee Medical in the state litigation.  For reasons that follow, the court will (1) deny Pharmacists Mutual's summary-judgment motion; (2) require the parties to address whether summary judgment should, instead, be entered in favor of Godbee Medical on Pharmacists Mutual's duty-to-defend claim; and (3) dismiss Pharmacists Mutual's indemnification claim as premature.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  Under Rule 56, the court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.

**Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986).


## II. BACKGROUND

Godbee Medical, a medical equipment supply company, is a family-owned business located in Clanton, Alabama. When original incorporators Sidnee and Sherrill Godbee retired in 1999, their daughter Tamela Coppock took over their responsibilities.  Pharmacists Mutual provided general insurance coverage to Godbee Medical.

On the afternoon of August 13, 2008, Coppock and Caudle, a full-time Godbee Medical employee, were at Godbee Medical's place of business, during working hours, when Coppock asked Caudle to help her construct a wooden rack.  While using a power saw to cut dowels that would be used in the rack's construction, Coppock struck Caudle's left handle, amputating one of her fingers and severely injuring two other fingers.

3

Godbee Medical notified Pharmacists Mutual that Caudle had incurred personal injuries while on the company's premises.  In the insurance company's subsequent investigation, Coppock contended that Caudle was injured while they were building shelves for use by Godbee Medical in order to comply with Medicare requirements.  Godbee Medical, in contrast, asserted that Coppock and Caudle were building a yarn rack at the time of the accident for use in Coppock's personal embroidery business.

In March 2009, Caudle filed a state lawsuit against Godbee Medical and Coppock, seeking compensatory and punitive damages for injuries sustained during the incident.  (In her complaint, Caudle stated that, because Godbee Medical had fewer than five employees, the company was not subject to Alabama's Workers' Compensation Act, 1975 Ala. Code § 25-5-50(a).)  Upon receiving notice of the lawsuit, Pharmacists Mutual agreed to provide an initial defense to Godbee Medical pursuant to a

4

reservation of rights.  The insurance company then filed this federal action on August 6, 2009, seeking a declaration that it is not obligated to defend and indemnify Godbee Medical in the state litigation.

## III.  DISCUSSION

Pharmacists Mutual seeks a summary judgment declaring that it is not obligated to defend and indemnify Godbee Medical in the state litigation.

### A.  Duty to defend

The Pharmacists Mutual policy provides, in part, as follows:

> "'We' do not pay for ... 'bodily injury' to an 'employee' of the'insured' if it occurs in the course of employment by the 'insured' or while performing duties related to the conduct of the 'insured's' business."

Pol'y at 55, 58 (Doc. No. 33-18).  The parties agree that this provision excludes coverage for injury incurred "in the course of employment."  Pharmacists Mutual seeks a

5

summary-judgment declaration that, because of this provision, it is not obligated to defend Godbee Medical in the underlying state proceedings.

An insurer's duty to defend is broader than its duty to indemnify. Ladner & Co., Inc. v. Southern Guaranty Ins. Co., 347 So.2d 100, 102 (Ala. 1977). In determining an insurer's duty to defend, "a court looks to the language of the insurance policy and the allegations in the complaint filed against the insured." Canal Ins. Co. v. Cook, 564 F. Supp. 2d 1322, 1327 (M.D. Ala. 2008) (Thompson, J.). "If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend regardless of the ultimate liability of the insured." Ladner & Co., Inc., 347 So.2d at 102. If the complaint is ambiguous, however, it should be "liberally construed in favor of the insured." Id. at 103.

This court must, therefore, begin with the allegations in the state complaint against Godbee Medical. The question is whether the allegations fall within or outside the Pharmacists Mutual policy's coverage. In answering this question, this court finds instructive those Alabama cases that have devised and discussed legal standards for analyzing whether employee injuries were committed "in the course of employment" for workers' compensation purposes.

Alabama workers' compensation law states that an employee is entitled to compensation for accidents "arising out of and in the course of his employment." 1975 Ala. Code § 25-5-31. To be sure, this law differs from the Pharmacists Mutual policy in that it provides for coverage if an accident occurs "in the course of employment" whereas the Pharmacists Mutual policy excludes coverage under such circumstances. Nevertheless, because the meaning of the phrase "in the

7

course of employment" is often at issue in Alabama workers' compensation cases, these cases may be helpful.

Alabama courts have found that, in the workers' compensation context, "in the course of employment" refers to "the time, place and circumstances under which the accident took place." Ex parte Fryfogle, 742 So.2d 1258, 1260 (Ala. 1999) (citations and quotation marks omitted). "'An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in some incident to it.'" Belue v. Prewitt Mills Distribution Center, 581 So.2d 850, 852 (Ala. Civ. App. 1990) (quoting Winn-Dixie Stores, Inc. v. Smallwood, 516 So.2d 716, 719 (Ala. Civ. App. 1987)); see also Cleckler v. A & C Air Conditioning and Heating, Inc., 820 So.2d 830, 833 (Ala. Civ. App. 2001). Particularly applicable to this case, Alabama courts have consistently held that the maintenance, remodeling, and

8

repair of buildings used in the employer's business
constitutes work done in "the course of the employer's
business." See Siniard v. Allstate Ins. Co., 657 So.2d
882 (Ala. 1995) (injury to construction worker during
remodeling of "spec" house where employer resided
occurred within the usual course of employer's business);
National Cast Iron Pipe Co. v. Higginbotham, 112 So. 734
(Ala. 1927) (painter who was hired to paint company-owned
houses, which were then leased to other employees, was
injured in the course of his employment); Ex parte Little
Cahaba Coal Co., 105 So. 648 (1925) (carpenter who was
injured while re-shingling employer-owned house that was
leased to the company's vice president was found to be
working in the course of his employment). However, "[i]f
an employee is injured while substantially deviating from
his employment, the employee's injury is not a
compensable injury because the injury does not arise out
of and in the course of his employment." Kewish v.
Alabama Home Builders Self Insurers Fund, 664 So.2d 917,

922 (Ala. Civ. App. 1995); <u>see also</u> <u>Craft v. Owens</u>, 359 So.2d 390 (Ala. Civ. App. 1978) (hardware store employee injured while doing construction on employer's personal home was not harmed in the course of employment).

In light of these legal standards, the more specific question posed for this court is whether the state complaint against Godbee Medical alleges that Caudle's injury occurred on Godbee Medical's premises, during the normal time of employment, and while Caudle and Coppock were fulfilling "the duties of their employment or engaged in some incident to it." <u>Belue</u>, 581 So.2d at 851. It appears to be undisputed that the accident occurred on Godbee Medical premises and while Coppock and Caudle were being compensated as Godbee Medical employees. Godbee Medical resp. at 2 (Doc. No. 36); Godbee Medical Interrog. (Doc. No. 33-6). Therefore, the only remaining issue is whether the complaint alleges that, at the time of the accident, Caudle and Coppock were constructing a wood structure for the maintenance of

Godbee Medical's business or that they were doing do so for Coppock's personal use only.

The state complaint alleges, on the one hand, that Caudle suffered injury while "working in the line and scope of her employment for the Defendant Godbee," Caudle Am. Compl. at 8 (Doc. No. 40); this allegation, while conclusory, suggests that there is no insurance coverage for it asserts that the accident occurred as a part of Caudle's employment at Godbee Medical.  On the other hand, the complaint alleges more specifically that, in constructing the wood rack, Caudle had been "requested by the Defendant Godbee to assist the Defendant Coppock even though the activities of the Defendant Coppock were in the line and scope of her employment <u>with a business she owned separate and apart from Defendant Godbee</u>, Caudle Am. Compl. at 6 (emphasis added); this allegation, because it asserts that the accident occurred outside Caudle's employment at Godbee Medical, suggests coverage.

The state complaint against Godbee Medical could therefore be read to allege two distinct theories regarding the connection of Caudle's injury to her employment: that Caudle's injuries occurred "in the course of her employment" with Godbee Medical or that they did not.   However, because, as stated, the allegations in a complaint "should be liberally construed in favor of the insured" where they are ambiguous, Ladner & Co., Inc., 347 So.2d at 103, this court construes the state complaint to allege Caudle was not acting in the course of her employment when the accident occurred.[1]   Pharmacists Mutual is therefore not entitled

---

1. Although the court may look beyond the pleadings in order to establish the duty to defend when the complaint implies there is no coverage, U.S. Fidelity and Guar. Co. v. Armstrong, 479 So.2d 1164, 1167 (Ala. 1985) (citing Ladner & Co., Inc., 347 So.2d at 103); Canal Ins. Co., 564 F. Supp. 2d at 1327, the Alabama Supreme Court "has never held that, even though the allegations of the complaint do allege a covered accident or occurrence, the courts may consider evidence outside the allegations to disestablish the duty to defend." Hartford Cas. Ins. Co. v. Merchants & Farmers Bank, 928 So.2d 1006, 1010 (Ala. 2005).   Caudle's allegations state, at least in part, that she was injured outside the course of her (continued...)

to a summary-judgment declaration that it has no duty to provide a defense to Godbee Medical in the state litigation.[2]    Quite the contrary, the current record

_____

1. (...continued)
employment, giving rise to coverage under the Pharmacists Mutual policy.

2. In so concluding, the court agrees with Godbee Medical that the issue of whether Caudle was actually working for Godbee Medical's benefit at the time of the incident is a material question of fact.  In her deposition, Coppock testified that, on the day of the injury, she and Caudle were "building shelving that was going to be used in the Godbee business," Coppock's Dep. at 33 (Doc. No. 3-2), while Godbee Medical submits a variety of affidavits and records from its other employees, which purport to controvert Pharmacists Mutual's position that Coppock and Caudle were performing work 'in the course of their employment.' Godbee Medical notes that its evidentiary submissions create "a question of fact, when compared to the testimony of Ms. Coppock." Godbee's Br. Opp. Mot. to Strike (Doc. No. 55).

However, whether Caudle was actually working for Godbee Medical's benefit is not the relevant inquiry in a duty-to-defend suit; rather, as stated, the court merely compares the underlying complaint to the policy, in order to determine whether the insurer should continue to provide a defense.  Tanner v. State Farm Fire & Cas. Co., 874 So.2d 1058, 1065 (Ala. 2003) ("If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a
(continued...)

13

reflects that Pharmacists Mutual "has a duty to defend [Godbee Medical] until all covered claims have been removed from the complaints." Lime Tree Village Community Club Ass'n, Inc. v. State Farm General Ins. Co., 980 F.2d 1402, 1406 (11th Cir. 1993).

The posture of this suit is unusual, however, in that, in denying a summary-judgment declaration in favor of Pharmacists Mutual on its duty to defend, the court has implied that summary judgment should instead be entered in favor of Godbee Medical and Caudle.  However, Godbee Medical has not moved for summary judgment.  "It is well-established that trial courts 'may properly grant

---

2. (...continued)
covered accident or occurrence."). Indeed, for this reason, the holdings in the following Alabama cases cited by Pharmacists Mutual in support of an ultimate finding of no duty to defend on its part are inapposite because those cases were not insurance-coverage cases and their holdings were based on findings that the evidence (not the allegations in the complaint) did or did not support the conclusions that the employers should be held liable in damages: Belue v. Prewett Mills Distribution Center, a Div. of Prewett & Sons, Inc., 581 So.2d 850 (Ala.Civ.App. 1990); Wilson & Co. v. Curry, 68 So.2d 548 (Ala. 1953); and Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270 (Ala.1950).

summary judgment sua sponte, so long as the parties have been provided adequate notice'" that they are to bring forward all their evidence on the issue to be summarily resolved.   In re Avery, ___ B.R. ____, ____, 2010 WL 2948130 at *8 (M.D. Ala. 2010) (Thompson, J.) (quoting Cox Nuclear Pharm., Inc. v. CTI, Inc., 478 F.3d 1303, 1312 (11th Cir. 2007)).   Here, the parties have submitted extensive briefs and evidentiary material on the issue of Pharmacists Mutual's duty to defend, and that issue was even discussed at length in an off-the-record pre-trial conference with counsel for all parties present.  Nevertheless, the court believes that, because the trial is not imminent and because it would do no harm to provide formal notice to the parties that they should put forward all their evidence on the duty-to-defend issue, it is prudent to give such notice.

15

### B. Duty to indemnify

The Pharmacists Mutual policy further provides, in part, as follows:

> "'We' do not pay for punitive, exemplary, or vindictive 'damages' with the exception of wrongful death cases covered under Alabama Wrongful Death Statute."

Pol'y at 74 (Doc. No. 33-18). Relying on this provision as well as the earlier provision excluding coverage for injury incurred "in the course of employment," Pharmacists Mutual seeks a summary judgment declaring that it has no duty to indemnify Godbee Medical for any and all damages that may arise out of the state litigation. Pharmacists Mutual is not entitled to a summary-judgment declaration on this issue either.

"Although the existence of a duty to defend may be established by the allegations in the injured party's complaint, the insurer's liability to the insured is ultimately established by what is developed at trial." Auto-Owners Ins. Co. v. Toole, 947 F.Supp. 1557, 1565

16

(M.D. Ala. 1996) (Thompson, J.).   "Therefore, a
determination of the duty to indemnify cannot be made at
a preliminary stage in the proceedings, when it is still
possible for the plaintiff in the underlying lawsuit to
change the theory of liability and assert a claim that is
covered by the policy at issue."  Id. (citing Ladner, 347
So.2d at 104); see also Home Ins. Co. v. Rice, 585 So.2d
859, 861 (Ala. 1991); Tapscott v. Allstate Ins. Co., 526
So.2d 570, 573-75 (Ala. 1988)).   In other words, "the
duty to indemnify is not ripe for adjudication until the
insured is in fact held liable in the underlying suit."
Nationwide Insurance v. Zavalis, 52 F.3d 689, 693 (7th
Cir. 1995); see also Lime Tree Village Community Club
Ass'n, Inc., 980 F.2d at 1407 ("While our conclusion is
that the duty to defend was upon State Farm, we express
no opinion as to whether or not the plaintiffs in the
underlying cases are entitled to recover or whether or
not, if there be recoveries, State Farm is required to

17

indemnify.").    Pharmacists Mutual's indemnification
claim is premature.

    This conclusion is reinforced in this case because
this case has been brought under the Declaratory Judgment
Act, raising "an issue of ripeness that may be peculiar
to federal courts."  <u>Guaranty National Insurance Company
v. Beeline Stores, Inc.</u>, 945 F.Supp. 1510, 1515 (M.D. Ala.
1996) (Thompson, J.).  As this court has explained in an
another, earlier case,

> "[T]he    Constitution    restricts    the
> exercise of judicial power to 'cases'
> and 'controversies.'  U.S. Const. art.
> III, § 2.  The Declaratory Judgment Act,
> 'in its limitation to "cases of actual
> controversy," manifestly has regard to
> the  constitutional  provision,'  <u>Aetna
> Life Ins. Co. v. Haworth</u>, 300 U.S. 227,
> 240-41, 57 S.Ct. 461, 463, 81 L.Ed. 617
> (1937), and thus 'is operative only in
> respect to controversies which are such
> in  the  constitutional  sense.'    <u>Id.</u>
> '[T]he question in each case is whether
> the   facts   alleged,   under   all   the
> circumstances,  show  that  there  is  a
> substantial controversy, between parties
> having  adverse  legal  interests,  of
> sufficient  immediacy  and  reality  to
> warrant  the  issuance  of  a  declaratory
> judgment.  ...  It  is  immaterial  that

> frequently, in the declaratory judgment
> suit, the positions of the parties in
> the conventional suit are reversed; the
> inquiry is the same in either case.'
> <u>Maryland Casualty Co. v. Pacific Coal &
> Oil Co.</u>, 312 U.S. 270, 273, 61 S.Ct.
> 510, 512, 85 L.Ed. 826 (1941)."

<u>Toole</u>, 947 F.Supp. at 1565-1566.   This court further

wrote that,

> "[T]he Declaratory Judgment Act states
> that a court '<u>may</u> declare the rights and
> other legal relations of any interested
> party seeking this declaration.'   28
> U.S.C.A. § 2201 (emphasis added).   The
> Supreme   Court   has   'repeatedly
> characterized the Declaratory Judgment
> Act as "an enabling Act, which confers
> a discretion on the courts rather than
> an absolute right upon the litigant."'
> <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277,
> 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d
> 214 (1995) (quoting <u>Public Serv. Comm'n
> v. Wycoff Co.</u>, 344 U.S. 237, 241, 73
> S.Ct. 236, 239, 97 L.Ed. 291 (1952)).
> Therefore, '"[t]here is ... nothing
> automatic or obligatory about the
> assumption of 'jurisdiction' by a
> federal court to hear a declaratory
> judgment action. ... Consistent with the
> nonobligatory nature of the remedy, a
> district court is authorized, in the
> sound exercise of its discretion, to
> stay or to dismiss an action seeking a
> declaratory judgment before trial or
> after all arguments have drawn to a

19

close.  In  the  declaratory  judgment
context,  the  normal  principle  that
federal courts should adjudicate claims
within  their  jurisdiction  yields  to
considerations of practicality and wise
judicial administration.'"  <u>Wilton</u>, 515
U.S. at 288, 115 S.Ct. at 2143 (quoting
E. Borchard, Declaratory Judgments 313
(2d ed. 1941)).  Emphasizing the 'unique
breadth of this discretion,' the Supreme
Court  has  stated  that  it  is  'more
consistent  with  the  statute  to  vest
district  courts  with  discretion  in  the
first instance, because facts bearing on
the  usefulness  of  the  declaratory
judgment remedy, and the fitness of the
case  for  resolution,  are  peculiarly
within their grasp.'  <u>Id</u>. at 289, 115
S.Ct. at 2144."

<u>Toole</u>, 947 F. Supp. at 1566.

Here, Godbee Medical could prevail in the underlying

lawsuit.[3]  With  this  result,  the  issue  of  whether

-------

3. Indeed, it appears that, regardless as to its duty
to defend, Pharmacists Mutual may, in fact, not be out of
pocket on the issue of its overall liability for damages
in the state case.  It could be argued that, if the state
court finds that Caudle was not injured in the course of
her employment, then Pharmacists Mutual would not be
liable because Caudle would have no claim against Godbee
Medical, Pharmacists Mutual's insured.  It could be
further argued that, if the state court finds that Caudle
was  injured  in  the  course  of  her  employment,  then
Pharmacists  Mutual  would  not  be  liable  for  damages
(continued...)

Pharmacists Mutual must indemnify Godbee Medical would be moot, and the court would never have to reach the issue. "The time and effort the court and the parties would have expended in resolving the issue would be wasted. For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief." Beeline Stores, Inc., 945 F.Supp. at 1515. Therefore, the court will not only deny

—————————

3. (...continued)
because the insurance policy excludes coverage for such.

     Moreover, the fact that these two arguments are plausible reinforces the conclusion that whether Caudle's injuries occurred in the course of her employment with Godbee Medical is an issue that should be resolved in state court (and not prematurely and unnecessarily in this federal court), with Pharmacists Mutual to provide a defense until the issue is resolved in state court. Pharmacists Mutual cannot do an end run on resolution of this issue in state court, by having this federal court bindingly resolve the issue as incident to resolution of either the insurance company's duty-to-defend claim or its indemnification claim.

21

summary judgment on Pharmacists Mutual's indemnification
claim, the court will dismiss the claim as premature.

                              ***

     For the foregoing reasons, it is ORDERED that
plaintiff Pharmacists Mutual Insurance Company's motion
for summary judgment (Doc. No. 32) is denied.

     It is further ORDERED that plaintiff Pharmacists
Mutual Insurance Company's claim for a declaration that
it has no duty to indemnify defendant Godbee Medical
Distributors, Inc. for any damages in the underlying state
lawsuit is dismissed as premature and without prejudice.

     It is further ORDERED that the parties are put on
notice that the court is considering entering a summary-
judgment declaration in favor of defendant Godbee Medical
Distributors, Inc. and against plaintiff Pharmacists
Mutual Insurance Company on plaintiff Pharmacists Mutual
Insurance Company's duty to defend defendant Godbee
Medical Distributors, Inc. in the underlying state

lawsuit.  The parties have until September 3, 2010, to submit any additional briefs and evidence on this issue.

An appropriate judgment will be entered.

DONE, this the 24th day of August, 2010.

       /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE